UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD WARNER, #730246,

    Petitioner,

                              Case No. 15-CV-11034

v.

                              HON. MARK A. GOLDSMITH

SHANE PLACE,

    Respondent.

_____/

**OPINION AND ORDER
(1) SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1) WITHOUT PREJUDICE; (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY; AND (3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. INTRODUCTION**

Petitioner Donald Warner, confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), in which he challenges his convictions for first-degree premeditated murder, conspiracy to commit first-degree murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony, second offense. Petitioner raises three claims for relief. For the reasons stated below, the Court finds that Petitioner failed to exhaust his state-court remedies for any of the claims raised in the petition and dismisses the petition without prejudice.

**II. BACKGROUND**

Petitioner was convicted by a jury in Wayne County Circuit Court. On March 29, 2012, he was sentenced to concurrent terms of life imprisonment for the murder and conspiracy convictions, two-to-ten years' imprisonment for the felon-in-possession conviction, to be served consecutively to five years' imprisonment for the felony-firearm conviction.

1

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims: (i) trial court's failure to appoint an expert witness violated his right to due process; and (ii) trial counsel was ineffective for not moving to suppress evidence seized at the time of his and his co-defendant's arrest. See People v. Warner, No. 311034, 2014 WL 2553303, at *1-4 (Mich. Ct. App. June 3, 2014). The Michigan Court of Appeals affirmed Petitioner's convictions. Id. at *13. The Michigan Supreme Court denied Petitioner's application for leave to appeal on October 28, 2014. People v. Warner, 854 N.W.2d 890 (Mich. Oct. 28, 2014).

Petitioner filed the pending habeas petition on March 18, 2015, raising the following claims:

 i. Ineffective assistance of trial counsel for failing to object to weapons being used at trial;

 ii. Prosecutor committed misconduct by advancing a civic-duty argument to the jury; and

 iii. Ineffective assistance of appellate counsel.

See Pet. at 4, 6, 7.

### III.  STANDARD OF REVIEW

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]"). The claims presented in the present habeas petition are unexhausted and, therefore, do not present grounds upon which this Court may grant habeas relief at this time.

### III.  ANALYSIS

2

**A. Failure to Exhaust Remedies in State Court**

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). This long-settled exhaustion requirement "serves important federalism interests by permitting state courts the first opportunity to correct alleged violations of their prisoner's rights." King v. Berghuis, 744 F.3d 961, 964 (6th Cir. 2014) (citing Picard v. Connor, 404 U.S. 270, 275 (1971)). The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." Atkins v. People of State of Mich., 644 F.2d 543, 546 (6th Cir. 1981). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. See Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990).

Petitioner admits that he has not exhausted the claims raised in his petition. See Pet. at 5, 6, 8. He claims that he advised his appellate attorney to raise these claims, but his attorney did not do so. Id. Nevertheless, a prisoner is required to comply with this exhaustion requirement, as long as there is still a state-court procedure available for him to do so. See Adams v. Holland, 330 F.3d 398, 401 (6th Cir. 2003). In this case, a procedure is available to Petitioner. He may file a motion for relief from judgment in the Wayne County Circuit Court under Michigan Court Rule 6.502. If that motion is denied, Petitioner may seek review by the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302.

3

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance, and then return to federal court on a perfected petition. See Rhines v. Weber, 544 U.S. 269, 276 (2005). However, stay and abeyance is available only in "limited circumstances," such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, the petitioner demonstrates good cause for the failure to exhaust state-court remedies before proceeding in federal court, and the unexhausted claims are not "plainly meritless." Id. at 277.

Petitioner has not shown the need for a stay. Although Petitioner may be concerned that the one-year statute of limitations applicable to federal habeas actions, see 28 U.S.C. § 2244(d), poses a problem, it does not. The one-year period does not begin to run until 90 days after the conclusion of direct appeal. Gonzalez v. Thaler, 132 S. Ct. 641, 653 (2012) (stating that a conviction becomes final when the time for filing a certiorari petition expires, if a petitioner does not seek certiorari). The Michigan Supreme Court denied leave to appeal on October 28, 2014, and Petitioner had 90 days from that date — until January 26, 2015 — to seek a writ of certiorari with the U.S. Supreme Court. Petitioner filed his petition on March 18, 2015. Thus, over nine months of the one-year period remained when he filed the petition.

Although the filing of the instant action did not statutorily toll the limitations period, see Duncan v. Walker, 533 U.S. 167, 181-182 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)," so as to statutorily toll the limitations period), equitable tolling may apply. See, e.g., Johnson v. Warren, 344 F. Supp. 2d 1081, 1088-1089 (E.D. Mich. 2004) (holding that the statute of limitations should be equitably tolled, where 276 days had elapsed on the one-year limitations period prior to the filing of the petitioner's first application

4

for habeas relief). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. See 28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 219-221 (2002).

Even absent equitable tolling during the pendency of this habeas proceeding, over eight months of the one-year limitations period remains. Petitioner has ample time to fully exhaust his state-court remedies and return to federal court. Thus, because he has time to return to state court to exhaust his remedies, the Court concludes that Petitioner has not shown the need for a stay and a non-prejudicial dismissal of the habeas petition is appropriate.

Accordingly, the Court dismisses the petition for writ of habeas corpus without prejudice.

### B.  Certificate of Appealability and Leave to Appeal In Forma Pauperis

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Having considered the matter, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, a certificate of appealability is not warranted in this case. The Court also denies

Petitioner leave to appeal in forma pauperis, because any appeal would be frivolous. See, e.g., Dell v. Straub, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

## V.  CONCLUSION

For the reasons set forth above, the Court dismisses the petition for writ of habeas corpus without prejudice. The Court also declines to issue a certificate of appealability and denies leave to appeal in forma pauperis.

SO ORDERED.


Dated: May 28, 2015                              s/Mark A. Goldsmith
          Detroit, Michigan                            MARK A. GOLDSMITH
                                                       United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2015.

                                                s/Johnetta M. Curry-Williams
                                                Case Manager

6